**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-00164-RM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TEG RESTAURANT GROUP INC. d/b/a East by Southwest,
HYDI LYN VERDUZCO, and
SERGIO ALFONSO VERDUZCO,

    Defendants.

---

## ORDER

---

This action to enforce the internal revenue laws is before the Court on Plaintiff's Motion for Preliminary Injunction (ECF No. 10). Defendants have declined to respond. For the reasons below, the motion is granted.

**I.    LEGAL STANDARDS**

In actions to enforce the Internal Revenue Code, courts have evaluated requests for injunctive relief pursuant to both the statutory grant of authority under 26 U.S.C. § 7402(a) and traditional equitable factors under Fed. R. Civ. P. 65. *See, e.g.*, *United States v. RaPower-3, LLC*, 325 F. Supp. 3d 1237, 1247 (D. Utah 2018); *United States v. Colo. Mufflers Unlimited, Inc.*, No. 03-cv-1310-WDM-CBS, 2007 WL 987459, at *4 (D. Colo. Mar. 30, 2007) (unpublished). Under § 7402(a), injunctive relief is warranted when it is "necessary or appropriate for the enforcement of the internal revenue laws."

Under traditional equitable factors, to obtain injunctive relief, a plaintiff must establish (1) a substantial likelihood of prevailing on the merits, (2) irreparable harm unless the injunction is issued, (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party, and (4) that the injunction, if issued, will not adversely affect the public interest.  *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016).  Because a preliminary injunction is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  Where, as here, an injunction will mandate action by the defendant, the movant has a heavier burden.  *Id.* at 1259.

## II.  BACKGROUND

According to the Complaint, Defendants have failed to comply with their payroll tax obligations going back several years.  The tax liabilities Defendants have self-reported, plus civil penalties and other statutory additions, amount to more than $360,000.  In their Answer, Defendants states that "Defendant TEG has made substantial payments toward [its] tax obligations, which may not be reflected in the Plaintiff's records due to the COVID-19 pandemic and the IRS's processing backlog."  (ECF No. 7 at 5.)  However, Defendants have not explained what specific amounts they may have already paid or otherwise responded to Plaintiff's motion for injunctive relief.  In its Motion, Plaintiff cites evidence in the record that no processing backlog is impacting Defendants' case.  (ECF No. 10 at 11.)

## III.  ANALYSIS

Applying § 7402(a), the Court finds that injunctive relief is both necessary and appropriate to compel Defendants to comply with their tax obligations.  Plaintiff has produced

evidence documenting Defendants' unpaid obligations and Plaintiff's unsuccessful collection efforts, including a declaration by the Revenue Officer assigned to this matter, account transcripts, recorded liens, and relevant notices delivered to Defendants via certified mail. (ECF Nos. 10-1 through 10-9.) Defendants' Answer does not meaningfully refute this evidence, and Defendants did not respond at all to Plaintiff's request for preliminary injunctive relief.

The Court further finds that the traditional factors for granting injunctive relief weigh in Plaintiff's favor. First, the evidence discussed above establishes that Plaintiff has a substantial likelihood of success on the merits. Second, Plaintiff will be irreparably harmed if it continues to expend resources in unsuccessful collection efforts, particularly where assets to meet longstanding and growing liabilities may be dissipated. Third, Plaintiff is harmed if it is unable to collect tax revenue, while Defendants suffer no harm from paying what they are required to pay by law. Fourth, a functional tax collection process serves the public interest. *See RaPower-3*, 325 F. Supp. 3d at 1250 ("The public has an interest in enforcement of the tax laws.").

## IV.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion for Preliminary Injunction (ECF No. 10) and ORDERS that Defendants comply with the following:

(1) Timely and accurately file all employment tax returns with the Internal Revenue Service, including returns used to report and pay Federal Insurance Contributions Act ("FICA") tax, Federal Unemployment Tax Act ("FUTA") tax, and federal income tax withholding liabilities;

(2) Timely deposit the associated FICA taxes, as well as Defendant TEG Restaurant Group's share of FICA taxes, due on each return required to be filed herein or by law for all periods ending after the Injunction is issued in an appropriate federal depository bank in accordance with the federal deposit regulations;

(3) Timely deposit the FUTA taxes, as well as Defendant TEG Restaurant Group's share of FUTA taxes, due on each return required to be filed herein or by law for all periods ending after the Injunction is issued in an appropriate federal depository bank in accordance with the federal deposit regulations;

(4) Timely deposit the withheld income taxes due on each return required to be filed herein or by law for all periods ending after the Injunction is issued in an appropriate federal depository bank in accordance with the federal deposit regulations;

(5) Timely pay all required outstanding liabilities due on each return required to be filed by the Court's order;

(6) Sign and deliver an affidavit to the assigned Revenue Officer of the Internal Revenue Service, no later than the 20th day of each month, stating that the requisite FICA tax, federal unemployment tax, and withheld income tax deposits were timely made;

(7) Provide a quarterly statement of Defendant TEG Restaurant Group's income and expenses to the assigned Revenue Officer of the Internal Revenue Service;

(8) Be prohibited from assigning and/or transferring money or TEG property to any other entity to have that entity pay the salaries or wages of their employees, unless the Defendants are using a payroll services provider approved in advance by counsel for the United States;

(9) Be prohibited from assigning and/or transferring money or TEG property after the date of the Injunction unless and until amounts required to be withheld from wages after the date of the Injunction are, in fact, paid to the Internal Revenue Service.

(10) Notify in writing the assigned Revenue Officer of the Internal Revenue Service within ten business days if any of the Defendants begins operating a new business enterprise;

(11) Post and keep posted a copy of this Court's findings and Injunction in at least one conspicuous place on the premises of East by Southwest (or any other restaurant operated by the Verduzcos) where notices to employees are customarily posted; and

(12) Submit to more severe, involuntary methods to secure compliance—including, but not limited to, receivership and shutdown altogether—in the event any provision of this injunction is violated.

DATED this 22nd day of April, 2021, at 2 p.m.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge